IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John H. Hart, #256267, ) | C/A No. 0:09-997-HMH-PJG |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden of Broad River Correctional ) Institution, ) | |
| Respondent. ) | |

John H. Hart ("Hart"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 21.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 23.) Hart filed a cross motion for summary judgment (Docket Entry 25) to which the respondent filed a response in opposition (Docket Entry 26). These motions are now before the court for a Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the court finds that Hart's Petition is untimely.

**BACKGROUND**

Hart was indicted in April 1998 in Richland County for assault and battery with intent to kill (98-GS-40-29992), kidnapping (98-GS-40-29991), and armed robbery (98-GS-40-29989). (App. at 722-725; Docket Entry 22-2 at 224-27.) Hart was represented by Lee Coggiola, Esquire, and Christa Bell, Esquire, and on February 8-11, 1999, was tried by a jury and found guilty as charged. (App. at 702, Docket Entry 22-2 at 204.) The circuit court sentenced Hart to consecutive sentences of life without the possibility of parole on each conviction. (App. at 718, Docket Entry 22-2 at 220.)

Hart filed a direct appeal and was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. The parties filed briefs and the South Carolina Court of Appeals affirmed. (State v. Hart, 2001-UP-135 (S.C. Ct. App. March 6, 2001), Docket Entry 22-3 at 31-36.) The remittitur was issued on March 22, 2001. (Docket Entry 22-3 at 37.)

On January 7, 2002, Hart filed a *pro se* application for post-conviction relief ("PCR"). (See Hart v. State of South Carolina, 02-CP-40-0016; App. at 726-46, Docket Entry 22-2 at 228-48.) The State filed a return. (App. at 747-51, Docket Entry 22-2 at 249-52.) On April 20, 2004, the PCR court held an evidentiary hearing at which Hart appeared and was represented by Tara D. Shurling, Esquire. (App. at 752-92, Docket Entry 22-2 at 253-94.) By order dated July 31, 2007, the PCR judge denied and dismissed with prejudice Hart's PCR application. (App. at 794-802; Docket Entry 22-2 at 296-304.)

In his PCR appeal, Hart was represented by Kathrine H. Hudgins, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a Johnson[1] petition for a writ of certiorari and a petition to be relieved as counsel on March 12, 2008. (Docket Entry 22-4 at 1-10.) The State filed a letter return. (Docket Entry 22-4 at 12.) Hart filed a *pro se* response to the Johnson Petition on April 28, 2008 in which he also moved for appointment of counsel and for an extension of time. (Docket Entry 22-4 at 13-16.) In an order dated September 17, 2008, the South Carolina Supreme Court denied Hart's motions and denied

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Hart's petition. (Docket Entry 22-4 at 17.) The remittitur was issued October 3, 2008. (Docket Entry 22-4 at 18.)

## FEDERAL HABEAS ISSUES

Hart filed the instant Petition for a writ of habeas corpus on April 15, 2009. (Docket Entry 1.) In his Petition, Hart raises the following issues:

**Issue 1:** The Court did not have jurisdiction to try plaintiff of armed robbery.

**Issue 2:** The Court erred when it denied plaintiff's motion for a mistrial when State's witness brought out plaintiff had previously been in prison impermissibly bringing his character in before the jury.

**Issue 3:** The trial judge's statement made in the presence of the jury against plaintiff's prior history involved with this case destroyed his presumption of innocence and required a new trial.

**Issue 4:** The plaintiff received ineffective assistance of counsel both prior to and during his jury trial proceedings which involved his right to effective assistance of counsel guaranteed by the Sixth and the Fourteenth Amendments to the United States and the State of South Carolina's Constitution as well as Article 1, § 14...

(Pet., Id. at 2-9.) In response to the court's order requiring Hart to bring his Petition into proper form, Hart submitted an Amended Petition in which he presented the following issues:

**Ground One:** Failure of the Circuit Court to grant a mistrial.
**Supporting Facts:** when a state's witness brought out the petitioner had previously been in prison impermissibly bringing his character before the jury; prior to trial, it was established that there would be no Lyle issues concerning prior record come before the court during their trial; this is a matter law;

**Ground Two:** failure of the indictment to sufficiently allege the elements of asporta[tion].
**Supporting Facts:** The essential element of asportation was not alleged in this indictment, the asportation of the stolen properly is an indispensable element for this offense; the absence of this from the charging language of the indictment deprived the court of the subject matter jurisdiction to convict on this offense, a matter of law;

(Docket Entry at 1-3 at 5-6) (errors in original).

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Hart's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Hart filed a direct appeal, his conviction became final on March 22, 2001, the date the South Carolina Court of Appeals entered the remittitur.[2] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on March 23, 2001 and expired on March 22, 2002, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Hart filed his state PCR application on January 7, 2002. At that point, 291 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until October 3, 2008, when the South Carolina Supreme

---

[2] Because Hart did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court"); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

Court issued the remittitur from its order denying Hart's certiorari petition. At this time, Hart had 74 days of statutory time remaining, which means that Hart had until December 16, 2008 to file a timely federal habeas corpus petition. Hart's federal Petition was filed on April 13, 2009.[3] Accordingly, Hart filed his federal habeas Petition over three and half months (119 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**C.     Hart's Arguments**

**1.     Motion for Summary Judgment**

In response to the respondent's return and motion for summary judgment, Hart filed a cross motion for summary judgment. (Docket Entry 25.) Hart's motion presents arguments in response to the respondent's assertion that Hart's Petition is untimely and argues the merits of his Petition. Additionally, Hart moves for the following relief:

1) Remand to the Court to allow determination of the timeliness of the filing in light of the facts and law presented in this petition for filing; or whether "good cause" and/or "excusable neglect" applies to this case,

2) The court to allow the petitioner extention [sic] of time to file and/or reopening of the time to file.

(Docket Entry 25 at 5.)

**2.     Timeliness**

In his response to the respondent's argument that his federal Petition was untimely filed, Hart appears to present two arguments. First, Hart appears to allege that prison practices at Broad River Correctional Institution permit or result in prisoners being denied access to their legal mail for up

---

[3] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison. Therefore, this date reflects the date that the envelope was postmarked, which is also the date that the Petition was signed. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

to five days, and as a result other inmates have missed critical deadlines. (Docket Entry 25 at 2.) He specifically states that legal mail containing his entry of judgment[4] was held for several days and appears to argue that the court should begin to run his time from the date he received his legal mail from the prison mail room personnel. (Id. at 2, 3-4.) In further support of this argument, Hart alleges that two other inmates at Broad River Correctional Institution were granted leave to file their notices of appeal thirty days from the date the inmates received their judgment; however, Hart provides no further information such as the circumstances surrounding the extensions or information pertaining to types of cases and the types of deadlines that were extended. Here, the deadline at issue is a statutory limitations period. Section 2244(d)(2) unambiguously states that the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending," not from the time the PCR application is mailed until *receipt* of a final judgment. Cf. Rouse v. Lee, 339 F.3d 238, 245 (4th Cir. 2003) (*en banc*) ("The limitations period of the AEDPA, however, runs from 'the date on which the judgment became final,' 28 U.S.C.A. § 2244(d)(1)(A), not from the date on which [the petitioner] was served with (or, in this case, merely received) notification of the final judgment."). Moreover, even if receipt were the proper commencement date, it would affect the expiration date only by a matter of days and would not render Hart's federal habeas Petition timely, as he filed it approximately four months after the expiration of the statutory limitations period.

---

[4] Based on the dates referenced by Hart in his argument, it appears that the "entry of judgment" he is referencing is the remittitur from his PCR appeal.

In Hart's second argument, he contends that his "untimelines[s] should be excused because of [his] 'unique circumstances.' "[5] Liberally construing this contention, Hart appears to assert that he is entitled to equitable tolling based on his allegation that he received erroneous advice from the mail room director. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Hart must show that the one-year limitations period should be equitably tolled under applicable federal law. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246 (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Hart contends that the mail room director advised him that the court would not include the four days' time in his statute of limitations calculation that the prison authorities held Hart's legal mail containing his "entry of judgment" and that "if I filed in the Federal Court on or before date

---

[5] In support of this argument, Hart primarily relies on United States Supreme Court case law addressing motions for an extension of time to file notices of appeal based on unique circumstances. (Docket Entry 25 at 5.) However, this line of case law has been expressly overruled and, in any event, is not the standard applicable here. See Bowles v. Russell, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and "[b]ecause this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate").

*PJG*

October 3, 2009, then mine time of filing would be timely" [*sic*]. (Docket Entry 25 at 2.) He was further advised by the mail room director that "the Court will enlarge mine time to file mine petition, causes, of the delay is not attributable to any thing the petitioner [I] did." (Id at 3) (errors and alterations in original). This argument does not constitute the type of extraordinary circumstances justifying equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (stating that attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not.").

## RECOMMENDATION

Based upon the foregoing, the court finds that Hart's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 21) be granted and that Hart's motion for summary judgment (Docket Entry 25) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 28, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).