IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| John H. Hart, #256267, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:09-997-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] John H. Hart ("Hart") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment and denying Hart's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Hart is currently incarcerated at Broad River Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On February 11, 1999, Hart was found guilty of assault and battery with intent to kill, kidnapping, and armed robbery. (Resp't Mem. Supp. Summ. J. Ex. 2 (App. 224-27).) Hart was sentenced to consecutive sentences of life

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

imprisonment without the possibility of parole on each conviction. (Id. Ex. 2 (App. 220-21).) Hart appealed his convictions on December 4, 2000. The South Carolina Court of Appeals affirmed the judgment of the circuit court on March 6, 2001. (Id. Ex. 3 (App. 31).)

Hart filed a pro se application for post-conviction relief ("PCR") on January 7, 2002. (Id. Ex. 2 (App. 228).) On July 31, 2007, the PCR court denied and dismissed Hart's PCR application. (Id. Ex. 2 (App. 296-304).) In his PCR appeal, Hart was represented by Katherine H. Hudgins ("Hudgins"). Hudgins filed a Johnson petition for a writ of certiorari on March 12, 2008. (Resp't Mem. Supp. Summ. J. Ex. 4 (Johnson petition).) Hart filed a pro se response to the Johnson petition on April 28, 2008 in which he also moved for appointment of counsel and an extension of time. The South Carolina Supreme Court denied Hart's motions and his petition on September 17, 2008. (Id. Ex. 4 (Sept. 17, 2008 Order).)

Hart filed the instant § 2254 petition on April 13, 2009.[2] Respondent filed a motion for summary judgment on September 17, 2009. Hart filed a cross motion for summary judgment on October 19, 2009. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment because Hart's § 2254 petition is time-barred by 28 U.S.C. § 2244(d). Hart filed objections to the Report and Recommendation on May 19, 2010.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Objections

Hart filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Hart's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or

3

merely restate his claims. However, the court was able to glean one specific objection. Hart objects to the magistrate judge's conclusion that his § 2254 petition is untimely. (Objections 1.)

Hart filed his § 2254 petition on April 13, 2009. A one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(1) also provides three additional options that trigger the statute of limitations; however, they are inapplicable to Hart's § 2254 petition. Hart's conviction became final on March 22, 2001, the date the South Carolina Court of Appeals issued the remittitur. As such, the limitations period began to run on March 23, 2001. Hart filed a state PCR application on January 7, 2002. "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under § 2244(d). § 2244(d)(2). Accordingly, the statute of limitations was tolled on January 7, 2002, when Hart filed his PCR application, and remained tolled until October 3, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying Hart's petition for a writ of certiorari. (Resp't Mem. Supp. Summ. J. Ex. 4 (Remittitur, Oct. 3, 2008).)

At the time of the tolling of the statute of limitations, Hart had 74 days of un-tolled time remaining. Thus, on October 3, 2008, when tolling ended, Hart had until December 16, 2008 to file a § 2254 petition. However, Hart did not file the instant motion until April 13, 2009. Therefore, when Hart filed the instant § 2254 petition, it was well past the expiration of the one-year statute of limitations.

4

In his objections, Hart does not provide any argument or explanation to refute the magistrate judge's conclusion that he is not entitled to equitable tolling. However, in his motion for summary judgment, Hart alleges that he was misled by the mailroom director at Broad River to believe that "the date October 3, 2009, was the appropriate calculation of the time starts to file the federal habeas, and based on this [Hart] mailed his federal habeas corpus dated April 1[3], 2009." (Pet. Mem. Supp. Summ. J. 2-3.) This argument does not warrant equitable tolling.

"Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Hart simply has not shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing a federal claim within the one-year limitations period. Accordingly, Hart's petition has not been timely filed and cannot be salvaged by the operation of equitable tolling.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 21, is granted. It is further

**ORDERED** that Hart's motion for summary judgment, docket number 25, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Hart has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 3, 2010

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.